489 P.2d 726

**STATE COMPENSATION FUND,**
Petitioning Carrier,

**Beeler Brothers, Inc., Petitioning Employer,**

v.

Matthew SCROGGINS, Respondent Employee,

The Industrial Commission of Arizona, Respondent.

No. 1 CA–IC 569.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 14, 1971.

Robert K. Park, Chief Counsel, State Compensation Fund, by J. Victor Stoffa, Phoenix, for petitioners.

Leven B. Ferrin, Phoenix, for respondent employee.

William C. Wahl, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

JACOBSON, Presiding Judge.

In this appeal by certiorari we are faced with the same legal proposition that was considered by this Court in State Compensation Fund v. Cramer, 13 Ariz. App. 103, 474 P.2d 462 (1970), that is the presumptive total disability of injuries listed in A.R.S. § 23–1045, subsec. C.

Claimant, Matthew Scroggins, as the result of an industrial accident in 1961, suffered a traumatic amputation of both legs above the knees. In 1967, the Commission entered its award for unscheduled partial permanent disability.

In 1969, Scroggins filed a petition to reopen for the sole purpose of obtaining repairs to his wheelchair, to obtain new protheses and training. His petition to reopen states that he is working for Sperry Flight Systems Division.

The Fund granted the Petition to Reopen without the necessity of a formal hearing. Thereafter, based upon the theory that A.R.S. § 23–1045, subsec. C refers to physical disability rather than earning capacity and that therefore earning capacity is immaterial, the Commission entered an award for permanent total disability. The Fund has sought review of this award by certiorari.

As previously indicated, this exact proposition has been considered by this Court in *Cramer, supra,* and rejected. As we stated in *Cramer*:

"* * * [T]he statutory language 'in the absence of proof to the contrary' is clear and unequivocal, and qualifies what otherwise would constitute a conclusive presumption of total disability. This qualifying language raises a rebuttable presumption that the enumerated injuries have caused a permanent total loss of earning capacity. However, when evidence of post-injury earning capacity is presented, it becomes the duty of the Commission to review and consider that evidence, and to determine whether or not that evidence establishes an actual post-injury earning capacity, and if so, how much." 13 Ariz.App. at 106, 474 P.2d at 465.

Award set aside.

HAIRE and EUBANK, JJ., concur.